# EXHIBIT 2

Case 4:21-cv-02909  Document 1-2  Filed on 09/05/21 in TXSD  Page 2 of 9

8/29/2021 9:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56758028
By: Cynthia Clausell-McGowan
Filed: 8/30/2021 12:00 AM

## 2021-54589 / Court: 151

CAUSE NO. _____

| | | |
|---|---|---|
| BENJAMIN MORALES, ANNALEE GOMEZ, Individually and on BEHALF OF DARREN MORALES, a minor and as next of kin of BENJAMIN MORALES, GABRIELA GAONA, Individually and on BEHALF OF NAOMI SKY MORALES, BENNET MARCELLUS MORALES, AIDEN NATHANIEL MORALES, AND KENNETH BENJAMIN MORALES, minors and as next of kin of BENJAMIN MORALES<br><br>*Plaintiffs,*<br><br>Vs.<br><br>TIP TOP SHEET METAL, INC., WEATHERFORD US LP, and CENTIMARK CORPORATION dba CENTIMARK & INDUSTRIAL ROOFING SERVICES<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§ | IN THE DISTRICT COURT<br><br><br><br><br><br><br><br>OF HARRIS COUNTY, TEXAS<br><br><br><br><br><br><br>____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiffs, BENJAMIN MORALES, ANNALEE GOMEZ, Individually and on BEHALF OF DARREN MORALES, a minor and as next of kin of BENJAMIN MORALES, GABRIELA GAONA, Individually and on BEHALF OF NAOMI SKY MORALES, BENNET MARCELLUS MORALES, AIDEN NATHANIEL MORALES, AND KENNETH BENJAMIN MORALES, minors and as next of kin of BENJAMIN MORALES, file this original petition against defendants, TIP TOP SHEET METAL, INC. WEATHERFORD US LP, and CENTIMARK CORPORATION dba CENTIMARK & INDUSTRIAL ROOFING SERVICES and alleges as follows:

Certified Document Number: 97608161 - Page 1 of 7

## DISCOVERY-CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

## PARTIES

1.Plaintiff, Benjamin Morales, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

2.Plaintiff's Minor Child, Darren Morales is an individual residing in Cameron County at 35 Little Grove St., Brownsville, Texas 78521.

3.Plaintiff, Gabriela Gaona, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

4.Plaintiff's Minor Child, Naomi Sky Morales, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

5.Plaintiff's Minor Child, Bennet Marcellus Morales, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

6.Plaintiff's Minor Child, Aiden Nathaniel Morales, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

7.Plaintiff's Minor Child, Kenneth Benjamin Morales, is an individual residing in Harris County at 8905 Las Cruces Cir., Houston, Texas 77078.

8.Defendant, Tip Top Sheet Metal, Inc. a Texas corporation whose registered office is located in Harris County at 2309 W. Mount Houston, Houston, Texas 77038, may be served with process by serving its registered agent for service of process, Robin Felton, in Harris County at 2309 W. Mount Houston, Houston, Texas 77038, or wherever they may be located.

9.Defendant, Weatherford US LP, a Texas corporation whose registered office is located in Harris County at 2000 St. James Place, Houston, Texas 77056, may be served with process by serving

its registered agent for service of process, CT Corporation System in Dallas County at 1999 Bryan St., Ste.900, Dallas, Texas or wherever they may be located.

10. Defendant, Centimark Corporation dba Centimark & Industrial Roofing Services, a Pennsylvania corporation whose registered office is located in Washington County at 12 Grandview Circle, Canonsburg, PA 15317 may be served with process by serving its registered agent for service of process, CT Corporation System in Dallas County at 1999 Bryan St., Ste.900, Dallas, Texas or wherever they may be located.

## VENUE AND JURISDICTION

11. This Court has personal jurisdiction over Defendant because they are authorized to conduct business in business in the State of Texas.

12. Venue is proper in Harris County, Texas, pursuant to § 15.002 (a) (1) of the Texas Civil Practice and Remedies Code.

## FACTS

13. Tip Top Sheet Metal, Inc., is a commercial roofing company. Tip Top was the subcontractor hired by Centimark Corporation, a General Contractor to perform specific roofing duties on a commercial property roof for Weatherford, US located at 3632 S. Main St., Pearland, TX 77581.

14. Morales sustained multiple serious injuries on or about August 30, 2019, as a result of an accident while employed for Tip Top Sheet Metal, Inc. The day of the incident he was at a job assignment at Weatherford, located at 3632 S. Main St., Pearland, TX 77581.

15. While on the job site Morales was on top of the roof working within the scope of his job requirements. The work site failed to provide skylight guardrails, warnings, or covers to alert any personnel on sight that there was a serious fall hazard. At all times, Morales was harnessed and tied in as required.

16. While walking on the roof to perform his job functions, Morales unwittingly stepped

3

through a skylight, his tie in detached from his harness and he fell approximately twenty feet below to the hard surface.

17.     Morales sustained several broken bones, a broken spine, a brain injury and multiple other injuries as a result of the fall.

18.     Per OSHA's report dated December 16, 2019, Defendant was cited, fined, and notified of the violation which led to Morales' accident and injuries.

## COUNT I – NEGLIGENCE

19.    Plaintiff sues defendant for Negligence. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition. The elements of cause of action for Negligence are the following:

    1) The defendant owed a legal duty to the plaintiff.

    2) The defendant breached the duty;

    3) The breach proximately caused the plaintiff's injury.

20.     Defendants owed duties to plaintiff, including the duty to provide a safe work area and equipment for workers to operate. Defendants have the duty to use all necessary care to ensure safety for its employees. Defendants also owed the duty of reasonable care generally. Defendants failed to provide plaintiff the appropriate safety measures in order to safely perform his regular duties.

21.     Defendants failed to provide a safe work environment to its employees and such failure led to Morales's hazardous fall.

22.     Defendant breached these duties in ways including, but not limited to:

    1) Failing to supervise the environment and placing safety protocols.

    2) Failing to provide safety tools and equipment that is the basis of this lawsuit.

Certified Document Number: 97608161 - Page 4 of 7

4

3) Failing to install, adopt or employ adequate safety measures in its workplace to prevent incidents such as the one that injured Plaintiff and isthe subject of this lawsuit.

23. Each of such act and omission, singularly or in combination with others constituted negligence per se whichproximately caused the incident, and which resulted in the hazardous fall of Morales.

24. Furthermore, as his employer, Tip Top knew that leaving the skylight unprotected, and unmarked represented a substantial certainty of catastrophic and serious injury to Morales.

## COUNT II – INTENTIONAL INJURY AS TO TIP TOP METAL, INC.

25. Plaintiff sues defendant for Intentional Injury. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

26. Morales does not have the burden to prove that Tip Top desired to injure him—only that Tip Top knew an injury was "substantially certain. The fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the specific intent to inflict injury. The Restatement Second of Torts defines intent to mean that "the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) (citations omitted). *Reed Tool* holds that "specific intent to injure" means that *either* the actor desires to cause the consequences *or* believes the consequences are substantially certain.

## RULE 47 STATEMENT

27. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff states that he seeks monetary relief over $1,000,000.00 and also seeks nonmonetary relief. Pursuant to Rule 47(D) of the Texas Rules of Civil Procedure, Plaintiff also demands judgment for all other relief to which it may be justly entitled. Plaintiff's damages are in excess of the minimum jurisdictional requirements of this Court.

5

## JURY DEMAND

28. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

29. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## RULE 193.7 NOTICE

30. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used at any pretrial proceeding and/or the trial of this matter.

## PRAYER

For these reasons, plaintiff asks that the Court issue citation for defendants to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

a. Actual damages.

b. Exemplary Damages.

c. Prejudgment and post judgment interest.

d. Court costs.

e. Attorney fees.

f. All other relief to which plaintiff is entitled.

Respectfully submitted,                                    PATTERSON PC

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Pete T. Patterson
**Pete T. Patterson**
TBN: 15603580
4309 Yoakum Blvd., Suite 2000
Houston, Texas 77006
Telephone: (713) 874-6444
Facsimile: (713) 874-6445
Email: pete@pvllp.com

**ATTORNEY FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Armendariz on behalf of Pete Patterson
Bar No. 15603580
jennifer@pyllp.com
Envelope ID: 56758028
Status as of 8/30/2021 8:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Armendariz | | jennifer@pyllp.com | 8/29/2021 9:21:20 PM | SENT |
| Pete Patterson | | pete@pyllp.com | 8/29/2021 9:21:20 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 3, 2021


Certified Document Number:        97608161 Total Pages:  7

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**